# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| TREMAINE JOHNSON, | CASE NO. 16cv883-LAB (WVG) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This is the second case Plaintiff Tremaine Johnson has filed bringing the same claim.[1] Johnson is proceeding *pro se* and *in forma pauperis*. His claim stems from a procedure he underwent at the Vista Community Clinic. He alleges that, when medical staff were drawing blood form his arm, they left some kind of device in his arm. As in the earlier case, the United States was substituted in as Defendant in place of the other Defendants, as provided by the Federal Tort Claims Act. The government moved to dismiss, citing Johnson's failure to administratively exhaust his claims.

The Court issued an order on May 6, 2016 requiring Johnson to file an opposition to the government's motion. That order pointed out that because Defendants were treated as federal employees under the FTCA, he was required to present his administrative claim to the government before filing suit. (Docket no. 8 at 3:8–11.) Furthermore, the Court

---

[1] The earlier case, 16cv103, *Johnson v. Vista Community Clinic*, was removed from state court. It was dismissed without leave to amend after Johnson failed to oppose a motion to dismiss even after being ordered to do so.

particularly pointed out that Johnson was required to allege that he did so; otherwise, the Court would lack jurisdiction and the case must be dismissed. (*Id*. at 3:10–14.)  See *Gillespie v. United States*, 629 F.2d 637, 740 (9th Cir. 1980).

Johnson has now filed his opposition (Docket no. 11), but it does not say anything about whether he administratively exhausted his claim. Instead, he essentially agrees with the government's motion to dismiss, that Defendants are federal employees and that administrative exhaustion is required. The only argument he makes against dismissal is an assertion that the statute of limitations has not yet run. He mentions that he is still wearing the "mechanism," apparently referring to the device he alleges was left in his arm, and contends this means the time to file suit is still running. (*Id*. at 2.)

Johnson has never said he administratively exhausted his claim, and has never addressed the issue of administrative exhaustion even though he was twice directed to do that. The United States has represented that he never exhausted his claim as required under the FTCA, and Johnson has not contradicted this. The Court therefore concludes he did not satisfy the requirement that he administratively exhaust his claim before filing suit, and this action must therefore be dismissed. This is the second time Johnson has unsuccessfully brought the same claim.

The motion to dismiss is **GRANTED**. This action is therefore **DISMISSED WITHOUT LEAVE TO AMEND**. This order does not preclude Johnson from exhausting his claims and then filing a new complaint, provided he complies with the applicable statute of limitations.[2] The Court certifies that no appeal from this dismissal would be taken in good faith.

IT IS SO ORDERED.

DATED: June 1, 2016

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[2] The complaints in both cases include almost no detail, so it is unknown whether the statute of limitations has already passed. If it has, exhaustion and refiling the claims in a new complaint would be futile.